IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KUNTA ALLAH MUWWAKIL

   Petitioner,       No. CIV S-10-1877 MCE CMK (TEMP) P

  vs.

R.B. IVES,          ORDER AND

   Respondent.      FINDINGS AND RECOMMENDATIONS

           /

   Petitioner has filed an "application under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in state or federal custody." On September 24, 2010, the court recommended that this action be dismissed for petitioner's failure to file a completed request to proceed in forma pauperis or pay the filing fee. Since petitioner has now paid the filing fee, the court's September 24, 2010 findings and recommendations will be vacated.

   Petitioner is in federal custody pursuant to a sentence imposed in the United States District Court for the Northern District of Florida. Essentially, petitioner challenges the fact that he was ordered by the trial court to serve a sentence of 480 months imprisonment.[1]

---

[1] Petitioner characterizes his claims as a challenge to the execution of his sentence: i.e. the Federal Bureau of Prisons should require that petitioner serve a sentence different from one imposed by the Northern District of Florida. However, petitioner fails to point to anything suggesting the Bureau of Prisons has any ability to modify, in any respect, his sentence of 480

1

Because collateral challenges to the imposition of a sentence generally must be brought under 28 U.S.C. § 2255, Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000), and a § 2255 motion must be brought in the court where the sentence was imposed, 28 U.S.C. § 2255(a), this court does not have jurisdiction over this action.

Petitioner asserts the court should construe this action as being brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255 because petitioner has already filed a § 2255 motion concerning his sentence requiring that petitioner obtain permission from the appropriate court of appeals to proceed with a second one. See 28 U.S.C. § 2255(h). However, the Ninth Circuit Court of Appeals has rejected the argument that the limitations on filing successive § 2255 motions provide a basis to allow a prisoner to proceed instead under § 2241. See Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (court could not construe motion attacking conviction as § 2241 habeas petition simply because the court of appeals denied petitioner permission to proceed with successive § 2255 motion). Petitioner also suggests that any § 2255 motion brought by him would be time-barred. Again, this is not a valid reason to allow petitioner to proceed under 28 U.S.C. § 2241. See e.g Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004).

Accordingly, IT IS HEREBY ORDERED that the court's September 24, 2010 findings and recommendations are vacated; and

IT IS HEREBY RECOMMENDED that petitioner's "application under 28 U.S.C. § 2241 for a writ of habeas corpus by a person in state or federal custody" construed as a motion made pursuant to 28 U.S.C. § 2255 be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

---

months.

2

1  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
2  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
3  F.2d 1153 (9th Cir. 1991).

   DATED:  February 2, 2011

                                             /s/ Craig M. Kellison
                                             **CRAIG M. KELLISON**
                                             UNITED STATES MAGISTRATE JUDGE

kc
muww1877.frs